IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE J. ROBERTSON,<br><br>    Plaintiff,<br>v.<br><br>OFFICER R. CUSACK,<br><br>    Defendant. | No. C 03-3496 SBA (pr)<br><br>**ORDER REFERRING CASE TO FEDERAL PRO BONO PROJECT AND ADDRESSING PENDING MOTIONS**<br><br>**(Docket nos. 22, 28, 34, 38)** |

    Pending before the Court are Plaintiff's discovery motions (docket nos. 22, 28, 38) and Defendant's renewed motion for summary judgment (docket no. 34). The Court will also consider if it would be beneficial to have counsel assist Plaintiff in this matter.

## APPOINTMENT OF COUNSEL

### I.    Legal Standard

    There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

    The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand, 113 F.3d at

1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

**II.     Analysis**

On April 15, 2004, this Court found that Plaintiff stated a cognizable Eighth Amendment claim against Defendant for acting with deliberate indifference toward a serious threat to Plaintiff's physical safety and granted Plaintiff leave to proceed in forma pauperis. On August 13, 2004, Plaintiff filed a motion for summary judgment. On August 20, 2004, Defendant filed an answer to the complaint. On November 16, 2004, Defendant filed an opposition to Plaintiff's motion for summary judgment and a cross-motion for summary judgment on the basis of qualified immunity. On March 31, 2005, the Court denied both Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. The parties were directed to abide by a new briefing schedule. Defendant has since filed a renewed motion for summary judgment on the grounds that there is no genuine issue as to any material fact and again, on the basis of qualified immunity. Plaintiff has not filed an opposition to Defendant's renewed motion for summary judgment, and instead, Plaintiff has filed two discovery motions.

Plaintiff has attempted to conduct discovery on his own behalf, with limited success. Plaintiff has demonstrated diligence, but clearly is unfamiliar with discovery processes and is impeded by the relatively severe conditions of his confinement. The Court finds that many of Plaintiff's requests for discovery have merit, however, it is evident that Plaintiff is in need of legal assistance in order to successfully obtain the necessary discovery requests in this action. Furthermore, the Court has previously denied Defendant's motion for summary judgment on the basis of qualified immunity, and therefore Plaintiff's claims may succeed on the merits. For all of the foregoing reasons and due to the complexity of the legal issues in this case, the Court finds that "exceptional circumstances" exist to warrant appointment of counsel and exercises its discretion to seek pro bono representation for Plaintiff.

**PENDING MOTIONS**

Based on the Court's decision to appoint counsel for Plaintiff in this action, the Court DENIES Plaintiff's discovery motions (docket nos. 22, 28, 38) and Defendant's renewed motion for summary judgment (docket no. 34) without prejudice to renewing it after an attorney is appointed to represent Plaintiff.

**CONCLUSION**

1. The Court having determined that it would be in the interests of justice to have counsel assist Plaintiff in this matter and good and just cause appearing, IT IS HEREBY ORDERED that Plaintiff's case shall be referred to the Court's Federal Pro Bono Project in the manner set forth below:

   a. Upon designation of a volunteer law firm by the Federal Pro Bono Project, the Clerk of the Court shall send the law firm copies of: (1) this Order; (2) Plaintiff's complaint (docket no. 1), (3) the Court's April 15, 2004 and March 31, 2005 Orders (docket nos. 6, 23); (4) the docket sheet; and (5) the Federal Pro Bono Project guidelines.

   b. Upon the law firm's designation of an attorney to represent Plaintiff, that attorney shall be appointed as counsel for Plaintiff in this matter until further order of the Court. At that time, the Court will also issue a new scheduling order.

2. All proceedings in this action are stayed until **four (4) weeks** from the date an attorney is appointed to represent Plaintiff in this action, unless otherwise specifically provided in a Court order.

3. The Court DENIES Plaintiff's discovery motions (docket nos. 22, 28, 38) and Defendant's renewed motion for summary judgment (docket no. 34) without prejudice to renewing it after an attorney is appointed to represent Plaintiff.

4. A case management conference in the above-referenced case is set for **Wednesday, January 25, 2006 at 2:30 P.M.** and will proceed telephonically. If an attorney for Plaintiff is appointed, he or she shall be responsible for arranging the conference call. If an attorney has not yet been appointed for Plaintiff by the date of the case management

conference, then Defendant's attorney shall arrange the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

The parties must submit case management conference statements no later than **January 18, 2006**, indicating what discovery remains to be done, the amount of time needed for discovery, whether any further motions will be filed, and when they will be ready for trial. The case management conference statements need not be jointly prepared but, as with all documents sent to the court, must be served on the opposing party.

5. This Order terminates Docket nos. 22, 28, 34, and 38.

IT IS SO ORDERED.

DATED: 10/24/05

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge