**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON, | No. C 03-3496 MEJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| vs. | |
| OFFICER R. CUSACK, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Wayne Jerome Robertson ("Plaintiff"), an inmate at Pelican Bay State Prison, filed a *pro se* complaint against correctional officer Rolf Cusack ("Officer Cusack") for violation of 42 U.S.C. § 1983, pertaining to physical injuries he claims to have sustained after allegedly being attacked by two inmates on January 12, 2003. On February 3, 2006, Plaintiff brought a Motion for Leave to File a First Amended Complaint ("Motion").

## II.   BACKGROUND

On January 12, 2003, Plaintiff was allegedly attacked by two inmates while walking from his assigned cell to the prison medical clinic to receive medication. *See* Motion at 3 and Declaration of Esther L. Klisura in Support of Plaintiff's Motion for Leave to File First Amended Complaint ("Declaration"), Exhibit A at 1-2. At the time of the attack, Officer Cusack was working the control

booth of Plaintiff's housing unit. First Amended Complaint for Damages ("Proposed Complaint") at ¶ 8. During this time, the prison was on lock-down status and under modified program (*id.*), which meant that only one prisoner was allowed to be out of their cell at a time and inmates visiting the medical clinic or psychiatric services were to be escorted in restraints. Declaration, Exhibit A at 7.

Plaintiff was let out of his cell by Officer Cusack without restraints or an escort and on his way to the medical clinic allegedly noticed two inmates standing in front of their cell door, which was open. Declaration, Exhibit A at 1-2. Plaintiff states he heard one of the inmates say "get him" and alleges the two inmates attacked him, one stabbing him four times with a homemade instrument (in the back and neck) and the other hitting his head and upper body with a closed fist. *Id.*

On July 28, 2003, Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983 for the injuries he claims to have sustained during the January 12, 2003 incident, asserting a single cause of action and naming one defendant, Officer Cusack. Declaration at ¶ 2. On December 7, 2005, the Honorable Saundra Brown Armstrong appointed counsel for Plaintiff and at the same time, ordered a four-week stay of the action, which was lifted January 4, 2006. Declaration at ¶ 3.

On January 24, 2006, the parties voluntarily consented to magistrate jurisdiction and the case was reassigned to Magistrate Judge Maria-Elena James.

On February 2, 2006, Plaintiff filed a Motion for Leave to File First Amended Complaint, as well as the Declaration of Esther L. Klisura in support thereof. Officer Cusack filed an Opposition on February 16, 2006, and Plaintiff filed a Reply on March 2, 2006.

### III.   DISCUSSION

Plaintiff seeks to add causes of action for negligence and negligence *per se*, and one additional defendant, Joseph McGrath, the warden at Pelican Bay State Prison at the time of the incident.[1] Plaintiff asserts that his proposed amended complaint relates back to the original complaint and that he has acted diligently to file this motion for leave as soon as was practicable. In addition, Plaintiff argues there is no bad faith or dilatory motive in seeking to file the amended

---

[1] Officer Cusack does not oppose Plaintiff's new negligence causes of action; therefore, the Court need only address whether Plaintiff should be permitted to add defendant Warden McGrath.

2

1 complaint and Officer Cusack will not be unduly prejudiced by it.

2 In response, Officer Cusack argues that Plaintiff's amended complaint is futile as to the new defendant, Warden McGrath, since Plaintiff never exhausted administrative remedies as to Warden McGrath. In addition, Officer Cusack argues that this Court should grant his motion for summary judgment, which he states is pending and has gone unopposed since the date it was filed on July 18, 2005.

In his Reply, Plaintiff asserts that leave to amend will not be futile due to non-exhaustion of administrative remedies since a plaintiff's exhaustion of administrative remedies is not a pleading requirement. Plaintiff argues that non-exhaustion of administrative remedies is a defense that a defendant has the burden of raising and proving and, here, Officer Cusack has not met the burden. In addition, Plaintiff asserts that there is no pending motion for summary judgment since Judge Armstrong denied Officer Cusack's motion for summary judgment without prejudice on October, 25, 2005. Plaintiff further provides that Officer Cusack has not yet renewed the motion and no opposition is due; therefore, no motion is currently pending.

**A.    Legal Standard**

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading has been filed, a party may amend his/her pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires. The Ninth Circuit has held that Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). That is, leave to amend should be freely given unless the court finds undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. *DCD Programs*, 833 F.2d at 186; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Any determination regarding a request for leave to amend should be guided by the underlying purpose of Rule 15 - to facilitate a decision on the merits, rather than on the pleadings or technicalities. *Webb,* 655 F.2d at 979.

Pleading requirements are especially liberal as to *pro se* pleadings. *Haines v. Kerner*, 404

3

U.S. 519, 520 (1972) (pleadings filed by *pro se* litigants are held to less rigid standards than those drafted by attorneys). In such cases, the duty to construe the pleadings liberally is particularly applicable. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

### B.   Application to Case at Bar

Here, Officer Cusack directs the Court's attention to Plaintiff's addition of Warden McGrath and argues that Plaintiff has not exhausted his administrative remedies as to Warden McGrath; thus, leave to amend would be futile. Defendant Cusack's Opposition to Plaintiff's Motion to Amend ("Opposition") at 1. If an amendment to a complaint will not at all affect the outcome of a lawsuit, leave to amend is futile and should be denied. *Klamath-Lake Pharm. Ass'n v. Klamath Med.,* 701 F.2d 1276, 1293 (9th Cir. 1983). Leave to amend should also be denied as futile if it is clear to the court that a plaintiff will not prevail on the merits of the amendment. *Smith v. Commanding Officer, Airforce Accounting and Fin. Ctr.,* 555 F.2d 234, 235 (9th Cir. 1977).

Here, the Court finds that adding Warden McGrath as a defendant could substantially affect the outcome of the lawsuit. At the outset, the amendment would charge both Officer Cusack and Warden McGrath with civil rights and negligence violations, thus affecting the case's outcome. Accordingly, the Court finds that leave to amend is not futile. *Klamath-Lake*, 701 F.2d at 1293.

In addition, it is not clear that Plaintiff will not succeed on the merits of his claims against Warden McGrath because the record does not conclusively show Plaintiff's non-exhaustion of administrative remedies. 42 U.S.C. § 1997e(a) imposes a requirement that no action shall be brought with respect to prison conditions under § 1983 until administrative remedies are exhausted. Although plaintiffs are required to exhaust administrative remedies, § 1997e(a) does not impose a pleading requirement. *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003). Instead, § 1997e(a) creates a defense, whereby defendants have the burden of raising and proving the absence of exhaustion. *Id.* Because Warden McGrath is not yet a party, there has been no opportunity for him to assert this defense. As such, the Court cannot conclusively determine at this time whether Plaintiff will prevail on his claims against Warden McGrath. In light of Rule 15's liberal application to pleadings filed by *pro se* litigants and the Court's finding that leave to amend would not be futile,

4

1  the Court finds that Plaintiff's motion should be granted.

2      Officer Cusack also argues that this Court should grant his motion for summary judgment, which he states is pending and has gone unopposed since the date it was filed on July 18, 2005. However, on October 25, 2005, Judge Armstrong denied Officer Cusack's motion for summary judgment without prejudice to renewing it after an attorney was appointed to represent Plaintiff. Order Referring Case to Federal Pro Bono Project and Addressing Pending Motions, p. 3.  As Officer Cusack has not renewed the motion, there is no motion for summary judgment currently pending.

### IV.   CONCLUSION

Based on the foregoing analysis, the Court hearby GRANTS Plaintiff's Motion for Leave to File a First Amended Complaint.  Within five (5) days from the date of this Order, Plaintiff shall file his amended complaint.  Defendants shall file a responsive pleading within 30 days from the date of Plaintiff's filing.  At that time, Warden McGrath shall also file his consent to or declination of magistrate jurisdiction.

**IT IS SO ORDERED.**

Dated: April 4, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

5