1

2

3

4

5                         IN THE UNITED STATES DISTRICT COURT

6                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    WAYNE J. ROBERTSON.,                         No. C-03-3496 MEJ

9              Plaintiff,                          **ORDER GRANTING DEFENDANT**
                                                   **McGRATH'S MOTION FOR**
10     vs.                                         **RECONSIDERATION**

11   ROLF CUSACK, JOSEPH McGRATH, and              **ORDER DISMISSING DEFENDANT**
     DOES 1-20,                                    **McGRATH**
12              Defendants.

13   _____/

14

15                            **I.    INTRODUCTION**

16        Plaintiff Wayne Jerome Robertson, an inmate at Pelican Bay State Prison, brings claims for

17   violation of his civil rights under 42 U.S.C. § 1983, negligence, and negligence per se pertaining to

18   an alleged attack by two fellow inmates on January 12, 2003.  Before the Court is defendant Joseph

19   McGrath's Motion for Reconsideration of the Court's August 14, 2006 Order, filed August 30, 2006.

20   McGrath seeks to have all claims against him dismissed on two grounds: (1) Robertson failed to

21   exhaust his administrative remedies, and (2) the statute of limitations bars Robertson's claims against

22   him.

23        Upon review of the parties' papers, oral arguments at the October 5, 2006 hearing, relevant

24   legal authority, and good cause appearing, the Court hereby GRANTS McGrath's motion for the

25   reasons set forth below.

26                            **II.    BACKGROUND**

27   **A.    Factual Background**

28        The following background is taken from Robertson's First Amended Complaint (Doc. #58).

*United States District Court*
*For the Northern District of California*

Robertson is an inmate at Pelican Bay State Prison.  On January 12, 2003, Robertson was housed in cell 221 of the A-6 housing unit in general population.  Defendant Rolf Cusack, a correctional officer at the prison, was assigned to the control booth of that housing unit.  On that day, Cusack failed to secure the housing unit prior to releasing Robertson from his assigned cell and, as a result, two inmates attacked him with a homicide weapon, causing Robertson physical injury.

In his amended complaint, Robertson alleges that conflicting instructions regarding the policies and procedures to be followed when releasing inmates from their cells were issued to Cusack and other correctional officers at the prison, and that defendant Joseph McGrath, then Warden of the prison, knew about the conflicting instructions, knew that prison staff were confused by the conflict, and knew that prison staff were not taking adequate steps to ensure inmate safety.

**B.     Procedural Background**

On July 28, 2003, Robertson filed a pro se complaint under 42 U.S.C. § 1983 for the injuries he claims to have sustained during the January 12 incident.  On December 7, 2005, the Honorable Saundra Brown Armstrong appointed counsel for Robertson (Doc. #45).  On January 24, 2006, the parties voluntarily consented to magistrate jurisdiction and the case was reassigned to Magistrate Judge Maria-Elena James (Doc #48).

On February 2, 2006, Plaintiff filed a Motion for Leave to File First Amended Complaint, which the Court granted on April 4, 2006 (Doc. # 55).  Robertson filed his First Amended Complaint on April 10, adding McGrath as a defendant and adding causes of action for negligence and negligence per se.  Cusack filed an Answer to the amended complaint on April 25.  (Doc. #59).

On July 14, 2006, McGrath filed a Motion to Dismiss (Doc. #63) on three grounds: (1) Robertson failed to exhaust administrative remedies, (2) Robertson's claims are barred by the applicable statute of limitations, and (3) Robertson failed to comply with the California Tort Claims Act.  On August 14, 2006 the Court denied McGrath's motion (Doc. # 75).  The Court found: (1) Robertson did not fail to exhaust his administrative remedies, (2) Robertson's amended complaint against McGrath relates back to his original complaint and it arose out of the occurrence set forth in the original pleading, and (3) Robertson complied with the California Tort Claims Act.

1    On August 30, 2006, McGrath filed a Motion for Reconsideration (Doc. #79) of the Court's

2    August 14, 2006 Order Denying McGrath's Motion to Dismiss.  On September 14, 2006, Robertson

3    filed an opposition to McGrath's motion (Doc. #81).  On September 21, 2006, McGrath filed a Reply

4    to Robertson's opposition (Doc. #82). On October 5, 2006, the Court heard oral arguments from

5    Esther L. Klisura, who appeared on behalf of Robertson, and Samantha D. Tama, who appeared on

6    behalf of McGrath.

7                                    **III.    DISCUSSION**

8    In his motion, McGrath moves the Court to reconsider its August 14, 2006 Order on two

9    grounds: (1) the Court improperly found that Robertson's claims against McGrath in the Amended

10   Complaint relate back to the date of the filing of the original Complaint, despite the fact that

11   Robertson never named any "Doe" defendant in his original complaint; and (2) the Court

12   inappropriately speculated as to the events surrounding the investigation into the appeal when it

13   found that Robertson's inmate appeal was sufficient for purposes of exhaustion under the Prison

14   Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

15   **A.      Legal Standard**

16   Under Civil Local Rule 7-9(b) of the North California District of California, before entry of a

17   judgment, any party may make a motion for reconsideration of any interlocutory order.  The moving

18   party must show at least one of three grounds:

19           (1) [t]hat at the time of the motion for leave, a material difference in
             fact or law exists from that which was presented to the Court before
20           entry of the interlocutory order for which reconsideration is sought.
             The party also must show that in the exercise of reasonable diligence
21           the party applying for reconsideration did not know such fact or law at
             the time of the interlocutory order; or (2) [t]he emergence of new
22           material facts or a change of law occurring after the time of such
             order; or (3)"[a] manifest failure by the Court to consider material
23           facts or dispositive legal arguments which were presented to the Court
             before such interlocutory order.

24

25   McGrath's motion appears to be brought under this third ground.

26   **B.      Application to the Case at Bar**

27   McGrath contends that Robertson's claim should be dismissed due to the fact that Robertson

28                                              3

United States District Court

For the Northern District of California

failed to exhaust his administrative remedies as required under the PLRA.  Specifically, McGrath

argues that Robertson did not submit an inmate appeal to prison officials grieving the claims he now

alleges against McGrath.  The one inmate appeal Robertson did file grieving the alleged incident at

issue did not describe any problem regarding McGrath's conduct.  Robertson's inmate appeal focused

entirely on Cusack's behavior and never notified the prison or McGrath that anything other than

Cuask's alleged behavior was at issue.

In response, Robertson contends that he did exhaust his administrative remedies.  In his

January 20, 2003 Staff Complaint, Robertson states, "Officer Cusack, failure to follow institution

policy, and procedure of institution lock down status and memorandum of January 12, 2003 that was

issued by the Warden, and A yard housing facility Captain, place my life in danger, and harms way."

Robertson argues that the mention of the Warden is sufficient notice to the prison to satisfy the

exhaustion requirement.

Inmate-plaintiffs must fully exhaust all administrative remedies before filing a § 1983

lawsuit in federal court.  42 U.S.C. §1997e(a).  Under this exhaustion requirement, "proper

exhaustion of administrative remedies is necessary."  *Woodford v. Ngu*, 126 S.Ct. 2378, 2383

(2006).  In *Woodford*, a state prisoner brought a §1983 action against prison officials, challenging

restrictions on his participation in special programs.  *Id.* at 2383.  The prisoner filed an

administrative claim in an untimely manner and the claim was rejected for failure to file within 15

working days of the action being challenged.  *Id.* at 2384.  The prisoner appealed that decision

internally without success and subsequently filed a fedearl action under 42 U.S.C. § 1983.  *Id.*  The

district court dismissed the claim for failure to exhaust administrative remedies by not filing in a

timely manner.  *Id.*  On appeal the Ninth Circuit of Appeals reversed; however, subsequently the

Supreme Court agreed with the district court.  *Id.*  The Supreme Court reasoned that exhaustion

requirements serve to protect administrative agency authority and promote efficiency, and that

proper exhaustion of administrative remedies "'means using all steps that the agency holds out, and

doing so properly.'"  *Id.* at 2385 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (2002)).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural

4

1   rules because no adjudicative system can function effectively without imposing some orderly

2   structure on the course of its proceedings."  *Woodford*, 126 S.Ct. at 2386.

3        In the present case, Robertson filed an inmate appeal against Cusack grieving the alleged

4   January 12, 2003 incident, but he did not allege that any policy of the prison caused his injuries.

5   Specifically, Robertson wrote in the January 20, 2003 Staff Complaint that "Officer Cusack, failure

6   to follow institution policy, and procedure . . . and memorandum of January 12, 2003 that was issued

7   by the Warden . . . place my life in danger, and harms way."  Thus, Robertson directed his grievance

8   at Cusack and not the policies created by the Warden.

9        Even if Robertson had included an issue regarding prison policy, Pelican Bay addresses staff

10  complaints separately from any other issue raised in an inmate appeal.  (*See* Decl. D. Bradbury

11  Supp. Def.'s Mot. Dismiss at ¶ 5).  "When an appeal alleges staff misconduct and other issues; e.g.,

12  dismissal of a Rules Violation Report or property loss, the inmate/parolee shall be notified that the

13  staff complaint is being handled and that the other issue(s) must be appealed separately."  (*See* Decl.

14  D. Bradbury Supp. Def.'s Mot. Dismiss at Appendix B).  Accordingly, Robertson failed to exhaust

15  his administrative remedies against McGrath because he failed to identify any claims against him.  It

16  is unfortunate that Robertson failed to properly exhaust his administrative remedies; however, under

17  *Woodford*, his claim against McGrath must be barred.[1]

18                    **IV.   CONCLUSION**

19       Based on the analysis above, the Court hereby GRANTS McGrath's motion and DISMISSES

20  him from this case.

21       **IT IS SO ORDERED.**

22

23  Dated: November 3, 2006                    _____

24                                  MARIA ELENA JAMES
                                    United States Magistrate Judge

25

26  _____

27       [1]As Robertson's claim is barred by the exhaustion requirement, the Court need not consider
    McGrath's argument regarding the relation back doctrine.

28
                                    5

United States District Court
For the Northern District of California