IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON, | No. C 03-3496 MEJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND REMAND** |
| vs. | |
| OFFICER R. CUSACK, | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT** |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Defendant Rolf Cusack's ("Defendant") Motion to Dismiss and Remand, filed January 29, 2009 (Doc. #109), and Defendant's Motion for Summary Judgment, filed January 31, 2008 (Doc. #112). The Court finds this matter suitable for disposition without a hearing and VACATES the March 13, 2008 hearing date. For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss and REMANDS this matter to the Superior Court of California, Del Norte. Defendant's summary judgment motion is, therefore, DENIED as moot.

## II. BACKGROUND

A full description of the underlying facts are contained in the Court's June 20, 2007, *Order Granting in Part and Denying in Part Defendant's Third Motion for Summary Judgment*. Accordingly, the Court shall provide only a brief procedural background as relevant to the instant motions.

1    On July 28, 2003, Plaintiff Wayne Jerome Robertson ("Plaintiff") filed his initial complaint, asserting a single cause of action under 42 U.S.C. § 1983. Plaintiff later amended his complaint to add causes of action for negligence and negligence per se.

On March 1, 2007, Defendant filed a motion for summary judgment as to all Plaintiff's claims. (Doc. #89.) On June 20, 2007, the Court granted summary judgment as to the federal 1983 claim, but denied Defendant's motion as to the negligence and negligence per se claims. (Doc. #101.)

On January 29, 2008, Defendant filed the present Motion to Dismiss (Doc. #109), and filed a Motion for Summary Judgment on January 31, 2008 (Doc. #112). On February 21, 2008, Plaintiff filed oppositions to both motions. (Doc. ##119, 121.) On February 28 and 29, Defendant filed his replies. (Doc. ##124, 125.)

### III. DISCUSSION

**A.    Motion to Dismiss**

First, Defendant argues that now that Plaintiff's federal civil rights claims have been dismissed, this Court should exercise its discretion and decline to exercise jurisdiction over his pendent state claims.

Under 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction over a state claim if it has dismissed all claims over which it has original jurisdiction. In making this determination, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350, n.7.

Here, only Plaintiff's state law causes of action remain. "Where a district court dismisses a

United States District Court / For the Northern District of California

federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (citing *Les Shockley Racing v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir.1989)). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. Accordingly, the Court finds that Plaintiff's remaining state law claims should be dismissed without prejudice and remanded to state court for consideration.

**B.     Summary Judgment Motion**

As the Court finds it appropriate to remand this matter to state court, a decision on Defendant's summary judgment motion is unnecessary.

### IV.     CONCLUSION

Based on the analysis above, the Court GRANTS Defendant's motion to dismiss under 28 U.S.C. § 1367, and REMANDS this matter to the Superior Court of California, Del Norte. Accordingly, Defendant's summary judgment motion is DENIED as moot.

**IT IS SO ORDERED.**

Dated: March 5, 2008

MARIA-ELENA JAMES
United States Magistrate Judge